## The People on the relation of The Attorney General v. George W. Lawton, Judge of Probate of Van Buren County.

*Alcoholic liquors: Appointment of inspector: Mandamus.* The appointment of an inspector under the liquor inspection law (*Comp. L., 1871,* § *1450*), is held to be preliminary to possible criminal proceedings and to have no practical office, if indeed any at all, except to that end ; and as no provision is made under it for summoning a jury and having a trial in the probate court, the law in its main purpose is wholly ineffectual. *Mandamus* will not be granted to require such appointment.

*Heard October 20.    Decided October 21.*

Application for order to show cause why *mandamus* should not issue to require respondent to appoint an inspector of alcoholic liquors for the county of Van Buren under the statute.—*Comp. L., 1871,* §§ *1449–57.*

*Isaac Marston, Attorney General,* for relator.

No counsel appeared for respondent.

PER CURIAM.

The appointment of an inspector under the law in question is preliminary to possible criminal proceedings, and has no practical office, if indeed any at all, except to that end. An examination of the law shows very clearly that it makes no provision whatever under which a jury can be summoned and trial had in the probate court, and is consequently in its main purpose wholly ineffectual.

Under these circumstances, as the proposed appointment, if made, would be futile without further legislation, and as legislation, if any should be had on the subject, would be likely to be so shaped as to avoid important constitutional questions which arise under the present law, any discussion of such questions is not called for at this time; and in denying the application for a *mandamus* we intimate no opinion whatever on either of them.